IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PHAT T. LIEN,<br>        Plaintiff,<br>    v.<br>MERCEDES-BENZ USA, LLC,<br>        Defendant. | Case No. 23-cv-01268-CRB<br><br>**ORDER STAYING CASE** |

      Plaintiff Phat T. Lien ("Lien") brings this action for breach of warranty under California's Song-Beverly Consumer Warranty Act. See Compl. (dkt. 1-1). Defendant Mercedes-Benz seeks dismissal of the case, primarily relying on Rodriguez v. FCA US., LLC, 77 Cal. App. 5th 209 (2022), which held that a used vehicle purchased with an unexpired express warranty was not a "new motor vehicle" under the Act. Id. at 220–22; Mot. (dkt. 8). The California Supreme Court has granted review of Rodriguez, and has instructed that it "may be cited, not only for its persuasive value, but also for the limited purpose of establishing the existence of a conflict in authority that would in turn allow trial courts to exercise discretion . . . to choose between sides of any such conflict." Rodriguez v. FCA US, 512 P.3d 654, 654 (Cal. 2022). Because the parties do not dispute that Lien purchased a used vehicle with an unexpired warranty, see Jacobsen Decl. (dkt. 17-1) ¶¶ 4–5, the parties urge the Court to decide whether it is persuaded by the reasoning of Rodriguez while Rodriguez is pending before the California Supreme Court. Mot. at 2; Opp'n (dkt. 17) at 3–5.

      The Court need not do so. A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 707

(1997).  When considering whether to stay proceedings, a court weighs several competing interests, including the "possible damage which may result in the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting Landis v. N. Am. Co., 299 U.S. 248, 268 (1936)).  Courts regularly stay cases that will turn on pending decisions in other courts, particularly where the pending case will result in controlling authority.  See, e.g., Wynn v. United Parcel Serv., Inc., No. 21-CV-10029-CRB, 2022 WL 18912482 (N.D. Cal. May 5, 2022); Franklin v. Ocwen Loan Servicing, LLC, No. 18-CV-03333-SI, 2020 WL 3316058 (N.D. Cal. June 18, 2020); Grundstrom v. Wilco Life Ins. Co., No. 20-CV-03445-MMC, 2020 WL 6873645 (N.D. Cal. Oct. 13, 2020).  Because the viability of Lien's express warranty claim turns on the outcome of Rodriguez, and Rodriguez is now fully briefed before the California Supreme Court, any hardship or delay caused by a stay will likely be offset by conservation of judicial and party resources, narrowing the issues for future motion practice.

   The parties are directed to file a status update with the Court within 21 days of the California Supreme Court's decision in Rodriguez.

   **IT IS SO ORDERED.**

Dated: June 13, 2023



CHARLES R. BREYER
United States District Judge