IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHAT T LIEN,<br><br>  Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>  Defendant. | Case No. 23-cv-01268-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

Plaintiff Phat Lien sued Defendant Mercedes-Benz USA, LLC, alleging that the 2020 Mercedes-Benz GLC350E that he bought was defective in violation of California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 et seq. Mercedes-Benz moved to dismiss on the grounds that the Song-Beverly Act's protections do not apply because Lien bought his car used. The Court stayed the case while the California Supreme Court addressed this very issue in Rodriguez v. FCA US, LLC, No. S274625. The state high court issued its opinion on October 31, 2024. Now, Mercedes-Benz asks the Court to grant its motion to dismiss without leave to amend, while Lien requests leave to amend to add new claims under other statutory provisions. See Joint Status Rpt. (dkt. 26). The Court **GRANTS** Mercedes-Benz's motion to dismiss **WITH LEAVE TO AMEND**.

I.   **BACKGROUND**

Lien purchased the car at issue in this case—a 2020 Mercedes-Benz GLC350E—on October 30, 2021. Compl. (dkt. 1-1) ¶ 8.[1] Mercedes-Benz, the car's manufacturer, had

---

[1] Mercedes-Benz attached the sales contract to their motion to dismiss (dkt. 8-1). This document is not properly the subject of judicial notice, nor is it incorporated by reference in Lien's complaint, so the Court does not consider it for purposes of this motion.

issued a written warranty "to preserve or maintain the utility or performance of [the] vehicle." Id. ¶¶ 8–9. But Mercedes-Benz was not the seller of the car; that was another dealership. Id. ¶¶ 4, 8. In other words, Lien bought a Mercedes-Benz car from a third party, and when he bought it, it still had a manufacturer's warranty from Mercedes-Benz.

The car quickly proved defective. Among other issues, the car developed "engine, electrical, and emission system defects." Id. ¶¶ 10, 18, 37. Lien took the car to authorized Mercedes-Benz service representatives, but they were unable to bring the car up to warranty "within 30-days" or "commence repairs within a reasonable time." Id. ¶ 50. Lien then filed this lawsuit, which asserts three claims under the Song-Beverly Act: (1) breach of express warranty, id. ¶¶ 16–30; (2) breach of implied warranty, id. ¶¶ 31–43; and (3) violation of California Civil Code section 1793.2(b), which requires manufacturers to offer service and repair of defective cars within 30 days or a reasonable amount of time, id. ¶¶ 44–57. Lien seeks to revoke acceptance of the car and have it replaced or reimbursed. Id. ¶¶ 27, 40–41, 52–53. He also seeks damages and a civil penalty under the Song-Beverly Act. Id. ¶¶ 28–30, 43, 55–57.

## II.   LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court must "accept the plaintiff['s] allegations as true and construe them in the light most favorable to the plaintiff[]," but it need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

### III. DISCUSSION

#### A. Breach of Express Warranty

Lien asserts that the car he bought was subject to express warranties from Mercedes-Benz that it "would be free from defects in materials, nonconformity, or workmanship during the applicable warranty period." Compl. ¶ 17. But Lien did not purchase the car directly from Mercedes-Benz; rather, he purchased it from a third party. Id. ¶¶ 4, 8. Lien does not assert that the warranty on his car was issued with the sale; indeed, he apparently concedes in his opposition brief that it was issued before the sale and merely had a balance remaining when Lien purchased the car. See Opp. (dkt. 17) at 6 ("Pursuant to the CarFax title history report that was provided to Plaintiff at the time of sale, the Subject Vehicle retained the original warranty provided by Defendant MBUSA. The warranty is estimated to have 42 months remaining or 44,993 miles remaining on the original warranty provided by Defendant MBUSA.").

That proves fatal to Lien's claim for breach of express warranty under the Song-Beverly Act. As the California Supreme Court recently held, the express-warranty provision of the Song-Beverly Act applies only if "the new car warranty was issued with the sale." Rodriguez v. FCA US, LLC, 557 P.3d 735, 737 (Cal. 2024). In other words, a plaintiff like Lien, who purchases a car with a manufacturer warranty from someone other than the manufacturer is generally not entitled to sue the manufacturer under the Song-Beverly Act's express-warranty provision.

#### B. Breach of Implied Warranty

Lien argues that even if he cannot sue for breach of express warranty, he can nevertheless bring a suit for breach of implied warranty against Mercedes-Benz. But this argument is equally unavailing. California courts have held that "only distributors or sellers of used goods—not manufacturers of new goods—have implied warranty obligations in the sale of used goods." Ruiz Nunez v. FCA USA LLC, 61 Cal. App. 5th 385, 399 (2021) (cited in Rodriguez, 2024 WL 4631069, at *4). Lien correctly points out that this general rule assumes "that the manufacturer and the distributor/retailer are distinct

1   entities." Id. (quoting Kiluk v. Mercedes-Benz USA, LLC, 43 Cal. App. 5th 334, 340
2   (2018)).  But Lien fails to point to anywhere in his Complaint where he alleges that
3   Mercedes-Benz sold him the car.  (Rather, as already explained, the Complaint is fairly
4   read to allege that a third party sold him the car, and Lien appears to concede this
5   elsewhere in his opposition brief.)  So there is no reason to doubt the assumption
6   underlying Ruiz Nunez's general rule, and Lien's implied-warranty claim fails.

### C. Violation of Section 1793.2(b)

Lien's final claim is based on a provision of the Song-Beverly Act requiring manufacturers to promptly repair vehicles that do not comply with express warranties:

> Where [] service and repair facilities are maintained in this state and service or repair of the goods is necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative in this state.  Unless the buyer agrees in writing to the contrary, the goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days.  Delay caused by conditions beyond the control of the manufacturer or its representatives shall serve to extend this 30-day requirement.  Where delay arises, conforming goods shall be tendered as soon as possible following termination of the condition giving rise to the delay.

Cal. Civ. Code § 1793.2(b).  Lien's only allegations regarding this claim are that he "delivered the subject vehicle to MERCEDES-BENZ USA, LLC's authorized service representatives on multiple occasions" and that Mercedes-Benz's facilities "did not conform the Subject Vehicle to warranty within 30-days and/or commence repairs within a reasonable time, and MERCEDES-BENZ USA, LLC has failed to tender the subject vehicle back to Plaintiff in conformance with its warranties within the timeframes set forth in Civil Code section 1793.2(b)."  Compl. ¶¶ 49–50.  These allegations are nothing more than conclusory restatements of the elements of a section 1793.2(b) violation, so they are insufficient to survive a motion to dismiss.  See Iqbal, 556 U.S. at 678.  If Lien chooses to amend his complaint, he must make specific, factual allegations showing that Mercedes-Benz violated section 1793.2(b).  Likewise, he must make specific allegations of intent if he wants to seek a civil penalty under the Song-Beverly Act.  See Compl. ¶ 57.

4

1    **IV.    CONCLUSION**

2    For the foregoing reasons, the Court **GRANTS** Mercedes-Benz's motion to dismiss.

3    Dismissal of Lien's express- and implied-warranty claims is **WITH PREJUDICE**, as any

4    amendment would be futile.  See Creech v. Tewalt, 84 F.4th 777, 787–88 (9th Cir. 2023).

5    Dismissal of Lien's section 1793.2(b) claim, however, is **WITHOUT PREJUDICE**.

6    Furthermore, leave to amend is **GRANTED** to the extent that Lien would like to add any

7    new claims that are timely or that relate back to the claims he already brought.  See Fed. R.

8    Civ. P. 15(c)(1)  Lien must file an amended complaint, if any, within 28 days of this order.

9    **IT IS SO ORDERED.**

10   Dated: November 25, 2024



CHARLES R. BREYER
United States District Judge

5