IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHAT T LIEN,<br><br>        Plaintiff,<br><br>    v.<br><br>MERCEDES-BENZ USA, LLC,<br><br>        Defendant. | Case No. 23-cv-01268-CRB<br><br>**ORDER GRANTING IN PART MOTION FOR SUMMARY JUDGMENT; DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION** |

Plaintiff Phat Lien sues Defendant Mercedes-Benz USA, LLC for breach of express warranty, breach of implied warranty, breach of the implied covenant of good faith and fair dealing, and violations of the Magnuson-Moss Warranty Act—all arising out of Lien's purchase of a used Mercedes-Benz vehicle. Mercedes-Benz filed a motion for summary judgment, which Lien did not oppose with respect to his implied warranty, implied covenant of good faith and fair dealing, and Magnuson-Moss claims. See MSJ (dkt. 30); Opp. (dkt. 33) at 4. Accordingly, the Court finds that Lien has abandoned those claims and grants Mercedes-Benz's motion for summary judgment with respect to them. See Santos v. TWC Admin. LLC, No. CV 13-4799 MMM, 2014 WL 12558274, at *9 (C.D. Cal. Nov. 3, 2014) ("The failure of a plaintiff to offer evidence or argument concerning a specific claim in opposition to a motion for summary judgment constitutes abandonment of the claim, and summary judgment is properly entered in the defendant's favor on the claim as a result.").

This leaves Lien's express warranty claim—a quintessential state-law cause of action. The Court ordered Mercedes-Benz (as the party that invoked federal jurisdiction by removing this action) to show cause why the Court can and should continue to exercise

federal jurisdiction over Lien's express warranty claim. OSC (dkt. 35). Though Mercedes-Benz has shown why remand is not required under 28 U.S.C. 1447, it has not shown that the Court has original jurisdiction over the express warranty claim, and its arguments in favor of the Court retaining supplemental jurisdiction under 28 U.S.C. § 1367 are not persuasive.

Mercedes-Benz shows that the Court's initial exercise of federal jurisdiction was proper. Lien asserted a facially viable claim under a federal statute, the Magnuson-Moss Warranty Act. FAC (dkt. 28) ¶¶ 51–61; 15 U.S.C. § 2310. Federal question jurisdiction is therefore proper. 28 U.S.C. § 1331. Moreover, even the car at issue is only alleged to have been worth $60,459.80, FAC ¶ 10, Lien sought attorney fees under the Magnuson-Moss Warranty Act, and this would have brought the amount in controversy to over $75,000, the statutory minimum for diversity jurisdiction. See 28 U.S.C. § 1332(a); Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155–56 (9th Cir. 1998) (attorney fees properly part of calculating amount in controversy where expressly authorized by statute).[1] Thus, the Court had original jurisdiction over Lien's amended complaint, and remand is not required by 28 U.S.C. § 1447. See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 164–66 (1997).

That said, Mercedes-Benz has not shown that the Court ever had original, rather than supplemental, jurisdiction over Lien's express warranty claim—his sole surviving claim at this stage. This claim is based on a California state statute, Cal. Com. Code § 2313, so federal question jurisdiction does not apply. And neither Lien nor Mercedes-Benz identifies a statutory basis for statutory penalties, attorney fees, or any other award in excess of the car's $60,459.80 purchase price for this express warranty claim. Mercedes-Benz, as "the removing defendant[,] bears the burden of establishing, by a preponderance

---

[1] Lien also sought treble damages for his good faith and fair dealing claim, but the Court has been unable to locate any authority that would permit such recovery. It appears, rather, that Lien's treble damages demand may simply be a vestige of his original, but now dismissed, Song-Beverly Act claim. See generally Compl. (dkt. 1-1); see also Cal. Civ. Code § 1794(c), (e) (permitting recovery of treble damages).

2

of the evidence, that the amount in controversy exceeds the jurisdictional threshold." See Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 416 (9th Cir. 2018) (citation omitted). It has failed to meet that burden.

Accordingly, the Court's jurisdiction over Lien's express warranty claim is pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367. Now that this claim is the only one remaining, the Court must consider whether to continue exercising its supplemental jurisdiction or instead decline to exercise jurisdiction and remand the matter to state court. 28 U.S.C. § 1367(c)(3). Mercedes-Benz argues that the Court should exercise jurisdiction because Lien is engaging in gamesmanship by attempting to forum shop and because this case has been in federal court for two and a half years. OSC Resp. (dkt. 37) at 7–8.

These arguments do not justify the exercise of supplemental jurisdiction. Any gamesmanship on Lien's part has been counterproductive, as he did not "avoid a near-certain adverse ruling," Maxum Indem. Ins. Co. v. A-1 All Am. Roofing Co., 299 F. App'x 664, 666 (9th Cir. 2008), but rather has had summary judgment entered against him on three claims. This is a decision on the merits that has preclusive effect, see In re Gottheiner, 703 F.2d 1136, 1140 (9th Cir. 1983), so Mercedes-Benz would not be prejudiced by any attempt at gamesmanship. And though this case has been in federal court for quite a while, there has so far been no litigation on the merits of Lien's express warranty claim, so the Court is not concerned about waste or duplication of judicial resources. See Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maintenance, Inc., 333 F.3d 923, 926 (9th Cir. 2003) (recognizing that courts properly exercise their discretion under § 1367(c)(3) after granting summary judgment on all federal claims). To the contrary, returning this claim to state court serves the interest of judicial economy, as state courts are better equipped to resolve the state-law questions that remain pending in this action. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

3

For the foregoing reasons, the Court **GRANTS** Mercedes-Benz's motion for summary judgment with respect to Lien's implied warranty, good faith and fair dealing, and Magnuson-Moss claims and, declining to exercise supplemental jurisdiction over the remaining express warranty claim, **REMANDS** the action to the Superior Court of California for the County of San Francisco.

**IT IS SO ORDERED.**

Dated: August 19, 2025



CHARLES R. BREYER
United States District Judge